48 F.3d 1224
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Alvin HARRIS, Appellant,
v.
LINCOLN COUNTY RESIDENTIAL FACILITIES; Hannibal Regional
Center; Senate Bill 40 Board Members; Betty Suddarth;
Mary E. Thomas; Kaye White; Maureen Keifer; Julie Thieme;
Susan McDannold; Mike Wormsley; Donald Thomson, Appellees.
 No. 93-3145.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 27, 1995.
Filed: Feb. 24, 1995.
 
 Appeal from the United States District Court for the Eastern District of Missouri.
 E.D.Mo.
 REVERSED.
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alvin Harris appeals the district court's dismissal of his Title VII suit. We affirm in part, and reverse and remand.
 
 
 2
 Harris was a probationary employee at Lincoln County Residential Facilities (LCRF) from August 1991 until January 1992, when he was fired. He alleged in his complaint that he had been the recipient of unwanted sexual advances and touching by his female supervisor and a female co-worker, and that his subsequent firing was related to his rejection of their sexual advances. He asserted that the "employer of the named agents" was liable based on the employer's "tacit approval of other actions which only perpetuated the incidents of harassment." Harris attached a copy of a discrimination charge filed with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission (EEOC). Naming LCRF, it charged that he was sexually harassed by his supervisor and her assistant, that he had been "invited to be a sex partner with [his] supervisor and make [his] job easier," and that his refusal led to negative job performance evaluations and his retaliatory discharge.
 
 
 3
 On June 21, 1993, the district court granted summary judgment to Michael Wormsley and granted the other defendants' motion to dismiss. Harris filed a "Motion for Appeal" on June 28, 1993, which was not immediately docketed. This caused uncertainty as to the filing date so we remanded to the district court for clarification. We now hold that Harris's appeal is timely and that we have jurisdiction to consider the merits of his appeal.
 
 
 4
 We affirm the district court's judgment for Wormsley and its dismissal as to all defendants except LCRF. Because LCRF was the only named respondent in Harris's EEOC charge and right-to-sue letter, this action is barred as to the other defendants. See 42 U.S.C. Sec. 2000e-5(f)(1).
 
 
 5
 We reverse the dismissal, however, as to Harris's employer, LCRF. The district court dismissed the complaint on the ground that Harris had not filed the necessary right-to-sue letter. Our review of the record discloses that it contains Harris's original right-to-sue letter, bearing a stamp that indicates it was filed in the district court on April 22, 1993. Further, we see no other basis for dismissing Harris's complaint against LCRF at this stage in the proceedings, as his handwritten complaint sufficiently alleges the necessary elements to state a Title VII claim against LCRF based on quid-pro-quo sexual harassment. See Chamberlin v. 101 Realty, Inc., 915 F.2d 777, 783 (1st Cir. 1990) (prima facie case of quid-pro-quo harassment); Crimm v. Missouri Pacific R.R., 750 F.2d 703, 710 (8th Cir. 1984) (employer is strictly liable for quid-pro-quo harassment). Because LCRF has not answered Harris's complaint or otherwise addressed his claim on the merits, we reverse the dismissal as to LCRF and remand the case to the district court for further proceedings consistent with this opinion.